IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey L. Davidson,                                  Case No. 4:06 CV 3096

               Petitioner,              MEMORANDUM OPINION
                                                 AND ORDER

    -vs-
                                                        JUDGE JACK ZOUHARY

T. R. Sniezek,

               Respondent.

Petitioner filed a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss (Doc. No. 12) which has not been opposed. For the following reasons, the Motion to Dismiss is granted.

**FACTUAL BACKGROUND**

At the time Petitioner filed his Writ of Habeas Corpus, he was incarcerated in a Federal Correctional Institution in Elkton, Ohio (Doc. No. 1, ¶ 6). Respondent is the warden at Elkton (Doc. No. 1, p. 7). The United States Bureau of Prisons (BOP), a division of the United States Department of Justice, is the general manager and administrator of the Elkton facility. 28 C. F. R. § 503.1.

Petitioner was sentenced to a term of twenty-one months pursuant to a Judgment of Conviction entered in the United States District Court in the Western District of Pennsylvania (Doc. No. 1, ¶ 6). Petitioner was informed his projected date of release to a residential reentry center (RRC) was on or about March 7, 2007, which coincided with the last ten percent of his prison term (Doc. Nos.1 and

4). Petitioner contends he is eligible for placement at an RRC up to 180 days prior to his projected release from federal custody as opposed to the last ten percent of his sentence.

On December 27, 2006, Petitioner filed both his original and Amended Petition for Writ of Habeas Corpus demanding placement or transfer to an RRC without reliance on the BOP Community Confinement Rule (Doc. Nos. 1 and 4). *See* 28 C.F.R. §§ 570.20 and 570.21. Subsequently, Respondent filed a Motion to Dismiss, pursuant to Federal Civil Rule 12(b)(1) and (5), contending this Court lacks subject matter jurisdiction because Petitioner failed to comply with service requirements and also that the Writ was moot because Petitioner was transferred to an RRC on March 15, 2007[1]. Petitioner did not oppose the Motion.

### MOTION TO DISMISS FOR MOOTNESS STANDARD

The Court lacks subject matter jurisdiction to decide questions if the claims are moot. *WJW-TV, Inc. v. City of Cleveland*, 878 F.2d 906, 909 (6th Cir. 1989). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978) (citation omitted). A transfer request through a habeas corpus petition of a prisoner becomes moot if the prisoner is transferred as requested prior to the petition being decided. *See Coury v. Gonzales*, No. 4:06-CV-1914, 2007 WL 626044 (N.D. Ohio Feb. 23, 2007).

---

[1] Although Respondent raised two different issues with the Motion to Dismiss, because the Court is dismissing the Petition on mootness grounds, the claim that Petitioner failed to comply with service requirements need not be addressed.

**DISCUSSION**

Respondent contends that because Petitioner has been transferred to an RRC, the relief he seeks has been granted, and the case is moot. To support his position, Respondent filed the Declaration of Rosalind Bingham, a paralegal specialist for the BOP, Northeast Regional Office. Her official duties include access to inmate records (Doc. No. 12, Ex. A). The Bingham Declaration asserts that a review of records for Petitioner reveals he was transferred to Renewal Inc., an RRC, on March 15, 2007, and continued to reside there as of March 21, 2007, when her Declaration was signed. Respondent therefore argues that no issue remains to be decided.

Here, Petitioner was seeking transfer to an RRC. His transfer to an RRC occurred on March 15, 2007. Petitioner failed to dispute his transfer to an RRC had occurred. No issue remains for the Court to decide, and this case is moot.

For the foregoing reasons, Respondent's Motion to Dismiss is granted, the Writ of Habeas Corpus is dismissed and the referral to the Magistrate is terminated. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 26, 2007